IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARDITH BINNS,<br><br>    Plaintiff,<br><br>v.<br><br>HEAL, INC., D/B/A<br>HEALING COMMUNITY CENTER,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Ardith Binns ("Plaintiff" or "Ms. Binns"), by and through her undersigned counsel, and files this, her Complaint for Damages against Heal, Inc., d/b/a Healing Community Center, ("Healing Community" or "Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for unlawful discrimination based on race, ethnicity, national origin, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, as amended ("Title VII"), and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 29 U.S.C. § 261(b).

3.

Defendant does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

5.

During the relevant time period, Plaintiff was employed by Healing Community. Defendant is a domestic limited partnership qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Retina Dawson, located at 5108 Alexander Avenue, Union City, GA 30291.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue on August 30, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

10.

On October 7, 2019, Plaintiff began working as a medical assistant.

11.

Plaintiff is of Jamaican descent.

12.

During her employment, Plaintiff was subjected to xenophobic comments by her coworkers Rashona Graham and Acacia Ross.

13.

Over the course of Plaintiff's employment, Rashona Graham and Acacia Ross, using a snide tone, made derogatory comments to the Plaintiff about her ethnicity.

14.

For example, Ms. Graham and Ms. Ross repeatedly told Plaintiff to go back to Jamaica and made derogatory comments and were abusive, made fun of her accent, her smell, and her music.

15.

Plaintiff was offended by these comments and asked them to refrain from insulting her. Rather than stop, Ms. Graham and Ms. Ross continued their xenophobic comments.

16.

Despite Plaintiff's complaints, Defendant failed to take action to stop the harassment.

17.

In May 2020, purportedly as a prank, Ms. Graham reported Plaintiff to the police department and filed a criminal complaint against the Plaintiff. Plaintiff was arrested and was detained for 36 hours. Ms. Graham thought Plaintiff's unjust arrest was funny.

18.

On or about May 11, 2020, Plaintiff complained to Kourtney Dubois, a Supervisor of Human Resources, about the constant xenophobic comments of her coworkers.

19.

Ms. Graham was terminated as a result of her "prank" police complaint, while Acacia Ross was told not to come in contact with the Plaintiff.

20.

Plaintiff was assured by Human Resources that if Ms. Ross contacted her, then they stop it.

21.

However, Ms. Ross continued to harass the Plaintiff.

22.

On October 13, 2020, Ms. Ross again confronted Plaintiff.

23.

Plaintiff reported Ms. Ross to Human Resources.

24.

On or about October 18, 2020, Defendant placed Plaintiff on administrative leave.

25.

Defendant terminated Plaintiff on October 23, 2020.

26.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

## CLAIMS FOR RELIEF

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII

27.

Plaintiff re-alleges preceding paragraphs 10-26 as if set forth fully herein.

28.

Defendant's actions in subjecting Plaintiff to ongoing race discrimination constitute unlawful discrimination on the basis of Plaintiff's race (Jamaican) in violation of Title VII.

29.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

30.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his status as an employee because of his race.

31.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

32.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

33.

Plaintiff re-alleges preceding paragraphs 10-26 as if set forth fully herein.

34.

Defendant's actions in subjecting Plaintiff to ongoing national origin discrimination constitute unlawful discrimination on the basis of Plaintiff's national origin (Jamaica) in violation of Title VII.

35.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

36.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his status as an employee because of his race.

37.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

38.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## **COUNT III:  RETALIATION IN VIOLATION OF TITLE VII**

39.

Plaintiff re-alleges preceding paragraphs 10-26 as if set forth fully herein.

40.

Defendant's actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

41.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

42.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

### COUNT IV:  VIOLATION OF 42 U.S.C. § 1981
### RACE AND NATIONAL ORIGIN

43.

Plaintiff re-alleges preceding paragraphs 10-26 as if set forth fully herein.

44.

Plaintiff is of Jamaican descent.

45.

Defendant subjected Plaintiff to unlawful discrimination and harassment on the basis of her race (African) and vis-à-vis national origin (Jamaican).

46.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

47.

Plaintiff performed his contractual obligations.

48.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race and national origin in violation of 42 U.S.C. § 1981.

49.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race and/or national origin.

50.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well-being.

51.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

52.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

53.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## **COUNT V:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

54.

Plaintiff re-alleges preceding paragraphs 10-26 as if set forth fully herein.

55.

Plaintiff engaged in protected conduct when he complained about race-based and national origin based discrimination.

56.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

57.

There was a causal connection between the protected conduct and the adverse action.

58.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

59.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 23rd day of November 2021.

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 646135

*Attorney for Plaintiff Ardith Binns*

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
matt@justiceatwork.com